**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WANDA MOORE,

    Plaintiff,

v.                                             Case No. 3:26-cv-2-TJC-LLL

USAA GENERAL INDEMNITY
COMPANY, a Foreign Profit
Corporation,

    Defendant.

## O R D E R

    Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). On January 3, 2026, Defendant USAA General Indemnity Company ("USAA") removed this case to federal court based on diversity jurisdiction. (Doc. 1). Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999).

    This action arose out of a car crash that occurred on September 25, 2023. (Doc. 1-1 at 2). The Notice of Removal alleges that the parties are citizens of different states—Plaintiff is a citizen of Florida, and Defendant USAA is a

citizen of Texas. (Doc. 1 ¶¶ 14–16). The other driver in the accident was dismissed from the case in state court. (Doc. 1-5). The diversity of citizenship requirement is therefore satisfied. Whether the amount in controversy requirement has been satisfied is less clear.

When a case is removed to federal court, it is the defendant's burden to demonstrate that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, when a removing party relies on a state civil cover sheet as evidence of the amount in controversy, and the plaintiff asserts conclusory allegations typical of personal injury complaints, the defendant must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy. See Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381, at *3 (M.D. Fla. March 25, 2024).

Typically, such evidence includes items like demand letters, medical bills, responses to requests for admission, or other similar documentation. Id. A "barebones" demand letter, without supporting documentation besides the state civil cover sheet, is usually insufficient to establish the amount in controversy. See, e.g., Physicians Imaging—Lake City, LLC v. Nationwide Gen. Ins. Co., No. 3:20-cv-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020) ("For purposes of determining the amount in controversy, the Court finds the estimate contained in the civil cover sheet, unaccompanied by any supporting

2

information, to be analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000.").

Here, the state court complaint does not allege an amount in controversy, except to state that Plaintiff's damages exceed $50,000.00, exclusive of costs, interest, and attorneys' fees, and to vaguely describe her injuries. (Doc. 1-1 ¶¶ 1, 17–18). Defendant USAA's Notice of Removal states that the amount in controversy is satisfied, but the only support provided for that statement is (1) Plaintiff's complaint alleging damages over $50,000.00, and (2) Plaintiff's demand letter to USAA, stating her damages are worth in excess of the $300,000.00 policy limit. (Docs. 1 at 5; 1-3 at 1). Although the demand letter, when sent, purportedly included various supporting documents (see Doc. 1-3) (a police incident report; property damage photos; medical records, diagnostic reports, and bills; and a certified copy of the tortfeasor's policy), Defendant USAA did not include these attachments in its Notice of Removal or in other filings in this case.

Consequently, Defendant USAA failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Martinez-Lopez, 2024 WL 1252381 at *3. The Court requires more documentation to support the demand letter before it can determine whether it has jurisdiction over the case.

3

Accordingly, it is hereby

**ORDERED:**

No later than **January 30, 2026**, Defendant USAA General Indemnity Company shall file a jurisdictional supplement. If Defendant chooses not to do so, the case will be remanded sua sponte.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of January, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record