**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WANDA MOORE,

      Plaintiff,

v.                                                                Case No. 3:26-cv-2-TJC-LLL

USAA GENERAL INDEMNITY
COMPANY, a Foreign Profit
Corporation,

      Defendant.

---

## O R D E R

This case is before the Court on Plaintiff Wanda Moore's Motion to Remand to State Court for Improper Removal, filed on February 2, 2026. (Doc. 12). The Court had previously directed Defendant USAA General Indemnity Co. to file a jurisdictional supplement regarding the amount in controversy, which it did on January 30, 2026. (Doc. 11).

Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). As the Court stated previously, the diversity of citizenship requirement is satisfied, but it is less clear whether the amount in controversy exceeds the jurisdictional

threshold.

Upon review of Defendant USAA's jurisdictional supplement, the Court is satisfied it has jurisdiction over the case. Plaintiff argues that her damages are "indeterminate" and "not quantified" such that they exceed $75,000. (Doc. 12 at 2). However, USAA provided copies of past medical bills for care received by Plaintiff, which total to approximately $61,000. (Docs. 11 at 5; 11-1). Incurred medical expenses are strong evidence of the amount in controversy. See S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1317–18 (11th Cir. 2014). Importantly, this $61,000 tally does not include Plaintiff's medical bills after May 28, 2025 until January 3, 2026 (the date of removal), nor any of the noneconomic damages she alleged in her Complaint. (Doc. 11 at 5).

A district court is permitted to make its own "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in evaluating the amount in controversy. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). In addition to compensation for her medical bills, Plaintiff seeks compensatory damages for, inter alia, pain and suffering, loss of earnings, and loss of ability to earn money. (Doc. 7 at 3, 5). Thus, the Court can make the "reasonable inference" that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand to State Court for Improper Removal (Doc. 12) is **DENIED**.

2. The parties must submit a Case Management Report (CMR) no later than February 12, 2026. See Doc. 6, Notice of Local Rule 3.02(a)(2) for more information.

**DONE AND ORDERED** in Jacksonville, Florida the 5th day of February, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

3